CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED

4/6/2022

JULIA C. DUDLEY, CLERK
BY: s/ A. Little
    DEPUTY CLERK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

|  |  |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>WAYNE THOMAS BURNLEY,<br><br>*Defendant.* | CASE NO. 6:17-cr-00013<br><br>MEMORANDUM OPINION<br>& ORDER<br><br>JUDGE NORMAN K. MOON |

    This matter is before the Court on Defendant Wayne Thomas Burnley's motion for compassionate release. Dkt. 217. The defendant's motion reads, in its entirety, "I am writing you to request [ ] appointment of coun[sel] under Justice reform act for my motion for compassionate release[.] I thank you in advance." *Id.* Thereupon, pursuant to Standing Order 2019-1, this Court appointed the Federal Public Defender as counsel to assist him in relation to his compassionate release motion. Dkts. 218, 219. The Federal Public Defender entered an appearance, and "after corresponding with Mr. Burnley and reviewing the history of this case," filed a notice that no amended or supplemental motion for compassionate release would be filed at present. Dkt. 223. Counsel further stated she would remain in touch with the defendant if his circumstances should change such as might support a more fulsome motion. *Id.*

    A court generally may not modify a term of imprisonment once the court has imposed sentence. 18 U.S.C. § 3582(c); *United States v. High*, 997 F.3d 181, 185 (4th Cir. 2021) (noting "the default position stated in 18 U.S.C. § 3582(c) is that a sentencing court 'may not modify a term of imprisonment once it has been imposed'"). However, a statutory exception allows the court, on a defendant's motion, to reduce the term of imprisonment if the court finds that "extraordinary and compelling reasons warrant such a reduction," after the defendant has asked

the Bureau of Prisons and fully exhausted administrative appeals following denial of the request. 18 U.S.C. § 3582(c)(1)(A)(i). As the movant, a defendant seeking relief under § 3582(c)(1)(A) has the burden of establishing that compassionate release is warranted. *United States v. Owens*, No. 7:08-cr-31, 2021 WL 4975273, at *2 (W.D. Va. Oct. 26, 2021). If a defendant has shown that extraordinary and compelling reasons support a sentence reduction, the Court must consider the applicable factors under 18 U.S.C. § 3553(a) to determine whether a reduction is appropriate. *See* 18 U.S.C. § 3582(c)(1)(A).

The "threshold requirement" in § 3582(c)(1)(A) that a defendant exhaust administrative remedies is a "non-jurisdictional claim-processing rule." *United States v. Muhammad*, 16 F.4th 126, 130 (4th Cir. 2021). Accordingly, while the exhaustion rule "may be waived or forfeited" by the Government, *id.*, here the Government has expressly invoked the exhaustion requirement, explaining that the defendant "does not represent that he made a request to the Warden for compassionate release," much less established that he has exhausted his administrative remedies. *See* Dkt. 226 at 4. The Government is right. The defendant has not asserted that he has made any request to the Warden or BOP, much less shown that he has exhausted his remedies. This alone is grounds enough to deny the motion.

The Court will also deny the motion because the defendant has not at present articulated any argument why extraordinary and compelling reasons support a change of his sentence or his release. *See* Dkt. 217. While the Court is "empowered to consider *any* extraordinary and compelling reason for release that a defendant might raise," *United States v. McCoy*, 981 F.3d 271, 284 (4th Cir. 2020) (internal quotation marks and citation omitted), the defendant must still raise grounds, and here neither the defendant nor defense counsel has done so. On the merits, no extraordinary and compelling reasons have been proffered to support a § 3582(c)(1)(A) motion,

which also warrants denial of the motion. The defendant's motion is therefore **DENIED**, without prejudice. *See* Dkt. 217.

    It is so **ORDERED**.

The Clerk of Court is directed to send this Order to Defendant, all counsel of record and to the U.S. Marshals Service.

    Entered this __6th__ day of April, 2022.

                                                     */s/ Norman K. Moon*
                                                     NORMAN K. MOON
                                                     SENIOR UNITED STATES DISTRICT JUDGE